**Jose Luis Quezada AMAYA;**
**et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**No. 06–71840.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Jose Luis Quezada Amaya, Orange, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Guadalupe Ramirez Cruz, Orange, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Luis Quezada Amaya and Guadalupe Ramirez Cruz, natives and citizens of Mexico, petition pro se for review of the order of the Board of Immigration Appeals denying petitioners' motion to reopen the underlying denial of their application for cancellation of removal, which was based on their failure to establish the requisite hardship to their qualifying United States citizen relatives.

In their motion to reopen, petitioners contended that they were able to establish exceptional and extremely unusual hardship based on new evidence of female petitioner's father's worsening eye condition and female petitioner's worsening Bells Palsy condition.

The evidence of the female petitioner's father's eye condition, that petitioners presented with their motion to reopen, concerned the same basic hardship grounds as

their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600.

Female petitioner's evidence of her Bells Palsy condition and its effect on her qualifying relatives may be a new medical basis for relief, but the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.")

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

